STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-48
$SKS- KEN - 11/17/2006$

FOREST CITY CHEVROLET,

Petitioner

v.

STATE TAX ASSESSOR,

Respondent

DECISION ON APPEAL

DONALD L. GARBRECHT
LAW LIBRARY

JAN 16 2007

This matter comes before the court for review of final agency action pursuant to M. R. Civ. P. 80C and 36 M.R.S.A. § 151. More specifically, the matter is before the court on the respondent's motion for summary judgment pursuant to M.R. Civ. P. 56. Both parties have submitted statements of material facts, which the court has reviewed. Although the parties are not in total agreement as to the facts, they are in agreement as to sufficient material facts to make this matter ripe for summary judgment. Those facts will be set forth below and the question for the court is whether those undisputed facts, when analyzed in accordance with the statute, prove that the petitioner was conducting a rental car business.

### Factual and Procedural Background

This case involves the proper tax treatment of 42 automobiles purchased by petitioner Forest City from General Motors Corporation ("GM") during the period between September 1, 2000 and April 30, 2003. The Assessor conducted a sales and use tax audit with respect to Forest City covering this period and assessed it a sales tax of $11,613.23 and use tax of $47,078.31, as well as accruing interest on these amounts. On October 31, 2003, Forest City filed a petition for reconsideration of this assessment. The

assessment was upheld on June 25, 2004, and on July 23, 2004, the petitioner timely filed an appeal of that decision with this court.

The issue in this case is whether the disputed vehicles used by Forest City should be excluded from the sales/use tax under 36 M.R.S.A. § 1752(11)(B)(3). Pursuant to this statute, the sale of an automobile to a person *engaged in the business of renting automobiles on a short-term basis* is excluded from the definition of taxable "retail sales" (emphasis added). If the vehicles are excluded from payment of sales tax on their purchase, the rental business must pay a 10% tax on the rental proceeds from the vehicles. Thus, a retailer in the business of short-term car rentals may purchase a vehicle for this purpose without paying sales tax, but it must then collect sales tax when renting out the vehicle.

Petitioner Forest City is in the business of selling, leasing and servicing new and used motor vehicles. Forest City does not present itself to the public as a rental car company, nor does it consider itself to be in the short-term rental car business, such as Enterprise or Hertz. The 42 new vehicles in question were purchased from GM under the manufacturer's Daily Rent-A-Car program. The purpose of the vehicles was to provide transportation, without charge, for service customers and others whose own vehicles were not available due to service, repair or other reasons. The petitioner used the terms "loaner" and "rental" interchangeably in referring to the vehicles and agreements which it required the customers to sign. Thus, customers would sign a document purported to be a rental agreement, but no rent ever changed hands with the dealer.

The standard GM new vehicle warranty provides that "courtesy" transportation will be available to a warranty customer. However, the warranty does not guarantee that transportation will be available and not all of the customers using the vehicles in question were having warranty work done. For those customers who were there for

warranty work, the petitioner applied to GM for reimbursement for many, but not all of the vehicles which the customers used for temporary transportation. No customer was charged for the rental and no sales tax was collected on the rental. When reimbursement was sought from GM, the standard rate was $30 per day, which did not include the 10% rental tax. Neither Forest City nor GM collected or paid any rental tax.

The petitioner used the disputed vehicles to provide transportation for its customers for three to twelve months, after which the cars were placed in Forest City's used vehicle inventory. Customers were allowed to test drive the disputed vehicles before and after they were placed in the used car inventory and they were available to be sold at any time. All the disputed vehicles were eventually sold within 10 months of being placed in the used car inventory.

## Discussion

Although the present appeal is brought pursuant to M.R. Civ. P. 80C, these tax appeals are not the typical appeal from final agency action. By statute, the court is required to "conduct a *de novo* hearing and make a *de novo* determination of the merits of the case." 36 M.R.S.A. § 151. The burden of proof is on the taxpayer.

The issue in this case is whether the disputed vehicles used by Forest City to provide short-term transportation for its various customers are excluded from sales/use tax under 36 M.R.S.A. § 1752(11)(B)(3). Pursuant to this statute, the sale of an automobile to a person "engaged in the business of renting automobiles on a short-term basis" is excluded from the definition of a taxable "retail sale." Instead, under 36 M.R.S.A. § 1811 and § 1752 (17-A), a sales tax is imposed on the value of the rental at the rate of 10%. The Maine Revenue Service has interpreted these various provisions to mean that "in the event that an automobile purchased tax exempt under this provision is used for any purpose other than short-term rental, the lessor is required to report and

pay use tax based on the purchase price." Me. Rev. Serv., Sales/Excise Tax Div., *Instructional Bulletin No. 42*. Thus, the question is not whether the State would receive tax revenues as the result of these vehicles; rather, it is a question of what form the tax should take – sales/use tax on the sale of the vehicle or on the rental of the vehicle. In the present case, the petitioner has paid neither.

As mentioned previously, the issue is whether Forest City is renting automobiles on a short-term basis. Forest City asserts that the disputed vehicles were "rented" within the statutory definition because customers: (1) filled out what were called "rental agreements" before using the vehicles; and (2) in some cases had warranty agreements which included the use of rental cars from the dealership while a vehicle was being serviced. In other words, the argument is that the rental was "prepaid" as part of the purchase price of the vehicle including the warranty, though no money changes hands and no off-setting accounting entries are made. This interpretation simply stretches the statute too far for legal credibility. Instead, it is clear from the totality of the agreed facts that Forest City was not in the rental car business, but was merely providing loaner or courtesy vehicles to its customers. Three key facts are: (1) no rental fee was ever charged – and no rental tax was ever collected or paid – for the provision of a "rental" car to the customers; (2) the disputed vehicles were provided to all customers including those whose own vehicles were not under warranty; and (3) the disputed vehicles were available for test drives and sale at any time, just like any other vehicle on the lot. Thus, whatever Forest City chooses to call what it was doing, the vehicles in question were not purchased for short-term rental purposes by a business engaged in the renting of automobiles.

Because the court, after *de novo* review, agrees with the ultimate conclusion of the State Tax Assessor, the entry will be:

Respondent's motion for summary judgment is GRANTED and the decision of the State Tax Assessor is AFFIRMED.

Dated: November __17__, 2006

S. Kirk Studstrup
Justice, Superior Court

Date Filed ___7/23/04_____  _____Kennebec_____  Docket No. ___AP04-48_____
                                       County

Action _____Petition for Review_____
                    80C

# J. STUDSTRUP

_____Forest City Chevrolet_____  vs.  _____State Tax Assessor_____

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Roy T. Pierce, Esq.<br>One City Center<br>P.O. Box 9546<br>Portland, Maine 04112-9546 | ~~Maeghan Maloney, AAG~~<br>6 State House Station<br>Augusta, Maine 04333-0006<br>Pamela W. Waite, AAG |

| Date of Entry | |
|---|---|
| 7/23/04 | Petition for Review, filed. s/Pierce, Esq. |
| 8/4/04 | Letter entering appearance, filed. s/Maloney, AAG |
| 6/2/05 | Notification of Discovery Service, filed. s/Maloney, AAG<br>Respondent's First Set of Interrogatories Propounded to Petitioner and Respondent's Request for Production of Documents served on Roy T. Pierce, Esq. on 5/31/05 |
| 6/3/05 | Joint Motion forOrder Specifying Future Course of Proceedings with Memorandum of Law, filed. s/Pierce, Esq. s/Maloney, AAG<br>Proposed Order Specifying Future Course of Proceedings, filed. |
| 6/8/05 | ORDER SPECIFYING FUTURE COURSE OF PROCEEDINGS, Studstrup, J.<br>(Discovery to close 8 months from date of order. Motions to be filed withi 60 days of close of discovery)<br>Copies mailed to attys of record. |
| 6/21/05 | Notification of Discovery Service, filed. s/Maloney, AAG<br>Notice of Deposition of Forest City Chevrolet Pursuant to M.R.Civ. P. 30(b)(6) served on Roy T. Pierce, Esq. on 6/20/05 |
| 7/7/05 | Notification of Discsovery Service, filed. s/Pierce, Esq.<br>Petitioner's Response to Respondent's Request for Production of Documents served on Maeghan Maloney, Esq. on 7/5/05 |
| 10/5/05 | Notice of Withdrawal and Appearance of Counsel, filed. s/Waite, AAG s/Maloney, AAG |
| 11-22-05 | Received and filed by AAG Pamela Waite attorney for State Tax Assessor a Notification of Discovery Service served on Roy Pierce, ESq. Notice of Deposition of Forest City CHEvrolet on 11-21-05. |
| 11/23/05 | Consented to Motion for Enlargement of Procedural Deadlines, filed. s/Waite, AAG<br>Proposed Order, filed. |